IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWIGHT D. FRANKLIN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No:  3:16-CV-_____ |
| ) | |
| SIMPLE TRANSPORT, INC., ) | |
| WABASH VALLEY ) | |
| PRODUCE, INC. and ) | |
| RANDY NORDHOFF, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants ) | |

**SERVE:**

SIMPLE TRANSPORT, INC
c/o Bradley A. Schnarr, Registered Agent
48886 E 450 N, PO BOX 93
DuBois, Indiana 47521

WABASH VALLEY PRODUCE, INC.
c/o Bradley A. Seger, Registered Agent
48886 E 450 N
DuBois, Indiana 47521

RANDY NORDHOFF
830 N Montana Drive E
Celestine, Indiana 47521

**COMPLAINT**

**COUNT I**
(Negligence v. Simple Transport, Inc.)

COMES NOW, Plaintiff, Dwight Franklin, and for his cause of action against the Defendant, Simple Transport, Inc., states as follows:

1. Plaintiff Dwight Franklin is a citizen of the State of Missouri.

2. Defendant Wabash Valley Produce, Inc., (hereinafter "Defendant Wabash") is an Indiana corporation which at all times relevant herein conducted business in the State of Illinois.

3. The Defendant Wabash has its principal place of business in the State of Indiana.

4. Defendant Simple Transport, Inc., (hereinafter "Defendant Simple") is an Indiana corporation which is registered to do business in and conducts business in the State of Illinois, among other states, as an interstate motor carrier subject to Federal Motor Carrier Safety Regulations promulgated by the Federal Motor Carrier Safety Administration, U. S. Department of Transportation.

5. The Defendant Simple has its principal place of business in the State of Indiana.

4. Defendant Randy Nordhoff (hereinafter "Defendant Nordhoff") is a citizen of the State of Indiana.

5. Pursuant to 28 U.S.C. Sec 1332, the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

6. The Court has diversity jurisdiction of this cause pursuant to 42 U.S.C. Sec. 1332.

7. At all times relevant hereto, US Highway 50, at or near Olive Street, was, and is, an open and public street and highway located in Clay County, Illinois.

8. On July 2, 2014, Plaintiff was operating a vehicle westbound on US Highway 50 near its intersection with Olive Street in Clay County, State of Illinois.

9. In the alternative to some allegations contained in Count II of this Complaint, and upon Plaintiff's current information and belief, on July 2, 2014, Defendant Simple owned a 2007 International Harvester tractor trailer, a commercial vehicle and interstate motor carrier, which was being driven and operated by its agent, servant, and/or employee, Randy Nordhoff, acting within the scope of his employment with Defendant Simple.

10. In the alternative to some allegations contained in Count II of this Complaint, and upon Plaintiff's current information and belief, on July 2, 2014, Defendant Simple's agent, servant

and/or employee, co-Defendant Randy Nordhoff, while acting within the scope of his employment with Defendant Simple, was operating his vehicle west on US Highway 50, at or near Olive Street when Defendant caused his vehicle to strike Plaintiff's vehicle.

11. At all times relevant herein, the Defendant Simple, by and through its agents, servants, and/or employees, owed a duty to Plaintiff and others upon the roadways to operate the Defendant's vehicle in a reasonably safe manner so as not to injure or damage the persons or property of Plaintiff and others.

12. In the alternative to some allegations contained in Count II of this Complaint, on the date and at the place referenced above, Defendant Simple, by and through one or more of its agents, servants or employees acting within the scope of their employment, breached the aforesaid duty owed to Plaintiff in one or more of the following ways:

   A. Negligently and carelessly failed to yield the right-of-way; and/or

   B. Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

   C. Negligently and carelessly followed Plaintiff's vehicle too closely in violation of 625 ILCS 5/11-710; and/or

   D. Negligently and carelessly drove or operated his vehicle in an improper lane in violation of 625 ILCS 5/5/11-709; and/or

   E. Negligently and carelessly failed to pay attention to Plaintiff's vehicle and others vehicles; and/or

   F. Negligently and carelessly engaged in distracted driving; and/or

   G. Negligently and carelessly failed to keep a proper lookout for others vehicles; and/or

   H. Negligently and carelessly failed to supervise and train its driver in the safe operation of commercial vehicles and compliance with applicable safety rules.

13. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Defendant Simple through its agents, servants, and/or employees acting within the scope

of their employment as stated aforesaid, caused Defendant's vehicle to strike the vehicle being operated by Plaintiff which caused, and will in the future cause Plaintiff: pain, suffering, mental anguish, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for same; to lose wages, earnings, and benefits he would have otherwise earned; and, has in the past, and will in the future sustain additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Dwight Franklin respectfully requests that judgment be entered for him against Defendant Simple Transport, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus his costs herein expended and for such further relief as this Court considers just and proper under the circumstances.

### PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT II
(Negligence v. Wabash Valley Produce, Inc.)

Comes now Plaintiff Dwight Franklin, and for his cause of action against Defendant Wabash Valley Produce, Inc. states as follows:

1-8.   Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1 through 8 of Count I above as if restated herein as paragraphs 1 through 8 of Count II herein.

9.   In the alternative to some allegations contained in Count I of this Complaint, and upon Plaintiff's current information and belief, on July 2, 2014, Defendant Wabash owned or leased a 2007 International Harvester tractor trailer, a commercial vehicle and interstate motor carrier, which was being driven and operated by its agent, servant, and/or employee, Randy Nordhoff, acting within the scope of his employment with Defendant Wabash.

10. In the alternative to some allegations contained in Count I of this Complaint, and upon Plaintiff's current information and belief, on July 2, 2014, Defendant Wabash's agent, servant and/or employee, co-Defendant Randy Nordhoff, while acting within the scope of his employment with Defendant Wabash, was operating his vehicle west on US Highway 50, at or near Olive Street when Defendant caused his vehicle to strike Plaintiff's vehicle.

11. At all times relevant herein, the Defendant Wabash, by and through its agents, servants, and/or employees, owed a duty to Plaintiff and others upon the roadways to operate the Defendant's vehicle in a reasonably safe manner so as not to injure or damage the persons or property of Plaintiff and others.

12. In the alternative to some allegations contained in Count I of this Complaint, on the date and at the place referenced above, Defendant Wabash, by and through one or more of its agents, servants or employees acting within the scope of their employment, breached the aforesaid duty owed to Plaintiff in one or more of the following ways:

    A. Negligently and carelessly failed to yield the right-of-way; and/or

    B. Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

    C. Negligently and carelessly followed Plaintiff's vehicle too closely in violation of 625 ILCS 5/11-710; and/or

    D. Negligently and carelessly drove or operated his vehicle in an improper lane in violation of 625 ILCS 5/5/11-709; and/or

    E. Negligently and carelessly failed to pay attention to Plaintiff's vehicle and others vehicles; and/or

    F. Negligently and carelessly engaged in distracted driving; and/or

    G. Negligently and carelessly failed to keep a proper lookout for others vehicles; and/or

    H. Negligently and carelessly failed to train and supervise its driver in the safe operation of commercial vehicles and compliance with applicable safety rules.

13. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Defendant Wabash through its agents, servants, and/or employees acting within the scope of their employment as stated aforesaid, caused Defendant's vehicle to strike the vehicle being operated by Plaintiff which caused, and will in the future cause Plaintiff: pain, suffering, mental anguish, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for same; to lose wages, earnings, and benefits he would have otherwise earned; and, has in the past, and will in the future sustain additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Dwight Franklin respectfully requests that judgment be entered for him against Defendant Wabash Valley Produce, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus his costs herein expended and for such further relief as this Court considers just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**
(Negligence v. Nordhoff)

Comes now Plaintiff Dwight Franklin, and for his cause of action against Defendant Randy Nordhoff, states as follows:

1-8. Plaintiff adopts by reference each and every paragraph and sub-paragraph contained in paragraphs 1 through 8 of Count I above as if restated herein as paragraphs 1 through 8 of Count III herein.

9. On July 2, 2014, Defendant Randy Nordhoff, was operating his vehicle west on US Highway 50, at or near Olive Street when Defendant caused his vehicle to strike Plaintiff's vehicle

10. At all times relevant herein, the Defendant Nordhoff owed a duty to Plaintiff and others upon the roadways to operate the Defendant's vehicle in a reasonably safe manner so as not to injure or damage the persons or property of Plaintiff and others.

11. On the date and at the place referenced above, the Defendant Nordhoff breached the aforesaid duty owed to Plaintiff in one or more of the following ways:

   A. Negligently and carelessly failed to yield the right-of-way; and/or

   B. Negligently and carelessly failed to reduce speed to avoid a collision with another vehicle; and/or

   C. Negligently and carelessly followed Plaintiff's vehicle too closely in violation of 625 ILCS 5/11-710; and/or

   D. Negligently and carelessly drove or operated his vehicle in an improper lane in violation of 625 ILCS 5/5/11-709; and/or

   E. Negligently and carelessly failed to pay attention to Plaintiff's vehicle and others vehicles; and/or

   F. Negligently and carelessly engaged in distracted driving; and/or

   G. Negligently and carelessly failed to keep a proper lookout for other vehicles.

12. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Defendant Nordhoff caused the vehicle he was operating to strike the vehicle being operated by Plaintiff which caused, and will in the future cause Plaintiff: pain, suffering, mental anguish, and discomfort as a result of multiple injuries to his body; loss of his normal life; to obtain medical and other health care to treat his injuries thereby becoming indebted for same; to lose wages, earnings, and benefits he would have otherwise earned; and, has in the past, and will in the future sustain additional damages all in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Dwight Franklin respectfully requests that judgment be entered for him and against Defendant Randy Nordhoff in an amount in excess of Seventy-Five Thousand

Dollars ($75,000.00), plus his costs herein expended and for such furthers relief as this Court considers just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY**

BROWN & CROUPPEN, P.C.

By: ___/s/ Alan Pirtle_____
     Alan G. Pirtle #6208141
     211 North Broadway, Suite 1600
     St. Louis, MO  63102
     (314) 561-6205 (Direct)
     (314) 667-3050 (Fax)
     ATTORNEYS FOR PLAINTIFF
     pipleadings@getbc.com
     AlanP@getbc.com